United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, A DELAWARE SERIES,<br><br>Plaintiff,<br><br>v.<br><br>PLANT INSULATION COMPANY ASBESTOS SETTLEMENT TRUST,<br><br>Defendant. | Case No. 21-cv-08602-RS<br><br>**ORDER DENYING MOTION TO WITHDRAW BANKRUPTCY REFERENCE** |

Plaintiffs have filed an adversary proceeding in Bankruptcy Court, No. 3:21-03045, *MSP Recovery Claims, Series LLC v. Plant Insulation Co. Asbestos Settlement Trust (In re Plant Insulation Co)*, and now move to withdraw the reference of the matter to that court. Pursuant to Civil Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for April 14, 2022, is vacated.

Withdrawal of the bankruptcy court reference is mandatory where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Courts in the Ninth Circuit have concluded that withdrawal is mandatory under Section 157(d) "when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011). Under this approach, the withdrawing party "must do more than merely suggest that novel issues of law could

possibly arise in a bankruptcy proceeding." *Id*; *PG&E Corp. v. FERC*, No. 19-CV-00599-HSG, 2019 WL 1118122, at *2 (N.D. Cal. Mar. 11, 2019) (same, citing *In re Tamalpais*). To establish that withdrawal is mandatory, "there at least must be a threshold level of showing that [the] [b]ankruptcy case *requires* interpretation of federal law." *Siegel v. Caldera*, No. CV10-00179-RGK, 2010 WL 1136220, at *4 (C.D. Cal. Mar. 19, 2010) (emphasis added).

Here, plaintiffs face a standing issue that may very well be dispositive. In similar cases, numerous courts have rejected standing on allegations like the ones plaintiffs present here. *See, e.g., MSP Recovery Claims, Series LLC v. Grange Ins. Co.*, No. 19-CV-219, 2019 WL 6770729, at *6, *16 (N.D. Ohio Dec. 12, 2019) (finding that Plaintiff must "allege facts demonstrating that the MAOs incurred reimbursable costs and were not reimbursed" and evaluating the validity of the assignments as part of the jurisdictional inquiry) (internal quotation marks omitted); *MSP Recovery Claims, Series LLC. v. Progressive Corp.*, No. 18-CV-2273, 2019 WL 5448356, at *10–13 (N.D. Ohio Sept. 17, 2019) (same); *MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co.*, No. 17-CV-711, 2018 WL 999920, at *6–7 (D. Md. Feb. 21, 2018) (describing the injury-in-fact as incurred costs without reimbursement and recognizing that plaintiffs must also make allegations of proper assignment to support jurisdiction); *MSP Recovery Claims, Series LLC v. New York Cent. Mut. Fire Ins. Co.*, No. 619CV00211MADTWD, 2019 WL 4222654, at *1 (N.D.N.Y. Sept. 5, 2019) ("Plaintiffs' strategy, it appears, is to throw their allegations into as many federal courts as possible and see what sticks. In each of these cases, Plaintiffs file deficient complaints, relying on courts to point out the problems, and then repeatedly amend their pleadings . . . . A pleading is not meant to be a means by which a party can discover if they actually have a case."); *MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18 C 7849, 2019 WL 6893007, at *3 (N.D. Ill. Dec. 18, 2019) ("Nine attempts to establish standing and plead a cause of action is enough. The Court denies leave to amend."); *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 322 F. Supp. 3d 1273, 1275 n.1 (S.D. Fla. 2018) (dismissing the action with prejudice for lack of subject matter jurisdiction after the plaintiffs "had multiple opportunities to amend their complaint"); *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, No. 1:17-CV-23841,

2018 WL 1953861, *6-7 (S.D. Fla. Apr. 25, 2018) (dismissing the case with prejudice where MSP Recovery Claims, Series LLC failed to allege facts to show standing "[d]espite its fourteenth attempt at pleading its claims [across four consolidated actions]"); *MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*, No. 18 CIV. 8036 (AT), 2020 WL 91540, at *4 (S.D.N.Y. Jan. 8, 2020) ("This Court's decision to dismiss the complaint for lack of standing is similarly not singular, as it joins a growing contingent of courts that have dismissed complaints brought by Plaintiffs due to various standing defects."); *MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, No. 20-23219-CIV, 2021 WL 706225, at *3 (S.D. Fla. Feb. 23, 2021) ("As the Plaintiff's legal conclusions are unsupported by factual allegations, and the Court cannot determine if [the] claim was actually assigned to the Plaintiff, the Court must dismiss . . . for lack of standing."); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-CIV, 2018 WL 4956736, at *3 (S.D. Fla. Mar. 29, 2018) ("Absent the conclusory assertions that 'Plaintiffs have been assigned all legal rights of recovery and reimbursement,' the Court cannot find any facts regarding the nature of that assignment, and therefore has no basis for determining that a valid assignment exists.").

As explained in *MSP Recovery Claims, Series LLC, et al. v. Western Asbestos Settlement Trust, et al. (In re Western Asbestos Co.)*, Case No. 3:21-cv-08526-EMC (N.D. Cal., March 3, 2022) this threshold standing issue does not require the interpretation, as opposed to mere application, of a non-title 11 statute and is a matter properly before the Bankruptcy Court. Resolving standing is a matter of conventional pleading and the Bankruptcy Court need not undertake analysis of significant open and unresolved issues regarding the non-title 11 law. *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011) (White, J.).

Accordingly, mandatory withdrawal of the bankruptcy reference is not warranted at this juncture. Additionally, discretionary withdrawal of the reference would not promote judicial economy and will not be ordered. The motion is denied.

1    **IT IS SO ORDERED**.

3    Dated: March 11, 2022

_____
RICHARD SEEBORG
Chief United States District Judge